UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

        - against -                                   **MEMORANDUM & ORDER**
                                                              21-CR-2 (MKB)

ASIF RAJA,

                         Defendant.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Defendant Asif Raja pleaded guilty on February 3, 2022, to arson in violation of 18 U.S.C. § 844(i). (Min. Entry dated Feb. 3, 2022 (reflecting plea of guilty to Count One of the Indictment); Indictment 1, Docket Entry No. 1.) On August 30, 2022, the Court sentenced Raja to sixty months of imprisonment, to be followed by one year of supervised release. (Min. Entry dated Aug. 30, 2022; Am. Judgment 1–3, Docket Entry No. 36.) Raja is currently incarcerated at Federal Correctional Institution Fort Dix, with an expected release date of January 15, 2027. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 16, 2024).

        On April 12, 2024, Raja filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 to the United States Sentencing Guidelines ("Guidelines") entitles him to a two-level reduction in his base offense level. (Def.'s Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582 ("Def.'s Mot."), Docket Entry No. 35.) On April 17, 2024, the government opposed Raja's motion to reduce his sentence. (Gov't's Letter Opposing Request for Sentence Reduction Pursuant to Zero-Point Offender Amendment ("Gov't Opp'n"), Docket Entry No. 37.) On April 21, 2024, counsel appointed for Raja filed a letter stating that counsel had determined that "Raja is not eligible for a reduction pursuant to the new

zero-point offender guideline." (Letter re Mr. Raja's Pending Mot. for a Sentence Reduction ("Counsel Letter"), Docket Entry No. 39.) For the reasons discussed below, the Court denies Raja's motion for a reduction of his sentence.

## I. Discussion

### a. Standard of review

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," section 3582(c)(2) provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Reductions are therefore authorized only if they are consistent with the Sentencing Commission's policy statements — "namely [Guidelines] § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' — namely, § 1B1.10.").[1] Section 3582(c)(2) thus establishes the following "two-step inquiry": "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole

---

[1] Although the Supreme Court decided *Dillon* based on versions of section 3582 and the Guidelines that have since been amended, the language that applies to this case has remained the same: Section 3582 has been amended only once since *Dillon*, but subsection (c)(2) was left unchanged. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). Section 1B1.10 of the Guidelines remains the "policy statement governing § 3582(c)(2) proceedings." *See Dillon*, 560 U.S. at 819; United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

2

or in part, according to the factors set forth in § 3553(a)." *Id.*; *see also United States v. Osorio*, No. 13-CR-426, 2024 WL 308274, at *1 (E.D.N.Y. Jan. 26, 2024) (concluding at step one that "[a]ny reduction to [the defendant's] sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized"); *United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after applying the two-step inquiry and finding the defendant ineligible for a sentence reduction).

Pursuant to section 1B1.10 of the Guidelines, a court "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced."[2] United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(b)(1). The Sentencing Commission's policy statements further provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *see also United States v. King*, 813 F. App'x 690, 692 (2d Cir. 2020) (observing that a "sentencing court cannot reduce [a] defendant's sentence if retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(1)(B))); *cf. United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) ("[A] sentence reduction is not authorized if 'an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the

---

[2] Amendment 821 is among those listed in subsection (d) to this section. U.S.S.G. § 1B1.10(d).

3

operation of another guideline or statutory provision.'" (second alteration in original) (quoting *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009))).

Part B of Amendment 821 added section 4C1.1 to Chapter 4 of the Guidelines. This section provides for a two-level reduction in offense level for individuals who received no criminal history points at their original sentencing — so-called "zero-point offenders" — and who meet nine additional criteria. U.S.S.G. § 4C1.1(a)(1)–(10); *see also United States v. Witkowski*, No. 22-CR-312, 2024 WL 2327803, at *2 (S.D.N.Y. May 21, 2024) (denying sentence reduction under Part B because "[t]he defendant received an offense level enhancement under [U.S.S.G.] § 3B1.1 . . . for his role in the criminal enterprise," thus failing to meet Part B's requirement that the defendant not receive such a role adjustment (citing U.S.S.G. § 4C1.1(a)(10))); *United States v. Ali*, No. 21-CR-613, 2024 WL 515244, at *1–2 (S.D.N.Y. Feb. 9, 2024) (granting resentencing under section 4C1.1 because the defendant "did not receive any criminal history points at the original sentencing and . . . [the] defendant's offense did not include any of the (nine) exclusionary criteria listed in [s]ection 4C1.1(a)"); *United States v. Sardarova*, No. 20-CR-681, 2024 WL 259775, at *1–2 (S.D.N.Y. Jan. 12, 2024) (concluding that the defendant qualified for the two-level reduction under section 4C1.1, but not for a sentence reduction because the original sentence "fell below the low end of th[e] amended [Guidelines] range").

### b. Raja is ineligible for a sentence reduction

Raja argues that he is eligible for a sentence reduction because he received zero criminal history points at his sentencing and because he was "sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the U.S. Sentencing Commission." (Def.'s Mot. 2–4.) Raja contends that "[o]ffenders . . . who had *zero* criminal history points when they were sentenced are, in certain cases, entitled to a two-point reduction of their base

4

offense level." (*Id.* at 4.) Raja also asserts that his conviction "was not subject to a statutory minimum term of imprisonment." (*Id.*) Finally, Raja argues that "arson is not a violent offense for purposes of the relevant provisions of the . . . Guidelines," and therefore is not subject to any of the exclusionary criteria listed in U.S.S.G. § 4C1.1(a)(2)–(10).[3] (*Id.*)

The government argues that Raja's motion should be denied "because the zero-point offender amendment has no bearing on [Raja's] mandatory minimum sentence of 60 months' imprisonment," and further argues that Raja is otherwise ineligible for the zero-point offender adjustment. (Gov't Opp'n 3.) First, the government argues that Raja was subject to a mandatory minimum sentence of five years of imprisonment, which was higher than the otherwise applicable Guidelines range, and thus "the Guidelines range [became] the statutory mandatory minimum," pursuant to U.S.S.G. § 5G1.1(b). (*Id.*) Second, the government argues that Raja is ineligible for the zero-point offender reduction because the "offense of conviction was inherently violent" and the zero-point offender reduction "applies only to defendants whose offense of conviction did not involve violence or [the] use of a dangerous weapon." (*Id.*) In support, the government notes that Raja "set his restaurant ablaze, fueled by gasoline, threatening the residential and commercial establishments flanking the restaurant on either side," and cites U.S.S.G. § 4B1.2(a)(2) for the proposition that arson is a crime of violence. (*Id.*) In further support, the government contends that "a gasoline-fueled fire falls with the plain definition of 'dangerous weapon.'" (*Id.* (citing U.S.S.G. § 1B1.1, n.1(E)).)

---

[3] Counsel for Raja filed a letter with the Court indicating that he "determine[ed] that Mr. Raja is not eligible for a reduction pursuant to the new zero-point offender guideline," because the five-year mandatory minimum term was higher than the otherwise applicable Guidelines range. (Counsel Letter 1.) Thus, "even if the new guideline had been in effect at that time, its applicability 'does not have the effect of lowering the defendant's applicable guideline range.'" (*Id.* (quoting U.S.S.G. § 1B1.10(a)(2)).)

The Court finds that Raja is ineligible for a sentence reduction under Part B of Amendment 821. Although Raja received zero criminal history points at his original sentencing, (Presentence Investigation Report ("PSR") ¶¶ 26–31, Docket Entry No. 19), Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also King*, 813 F. App'x at 692 (observing that a "sentencing court cannot reduce [a] defendant's sentence if retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(1)(B))). First, Raja was subject to a mandatory minimum term of imprisonment because a defendant convicted of arson "shall be imprisoned for not less than 5 years." 18 U.S.C. § 844(i). At sentencing, Raja's initial Guidelines range was 30 to 37 months based on his criminal history and offense level. (PSR ¶ 58.) However, due to the five-year mandatory minimum, the effective Guidelines range was 60 months. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); (*see also* PSR ¶ 58 (noting the same)). Section 3582(c) does not permit the Court to reduce Raja's sentence to a term below the applicable mandatory minimum sentence. *See United States v. Johnson*, 732 F.3d 109, 115 (2d Cir. 2013) (finding the defendant ineligible for a sentence reduction pursuant to section 3582(c) because a mandatory minimum sentence "remain[ed] applicable"); *United States v. Carpenter*, 396 F. App'x 743, 744 (2d Cir. 2010) ("District courts are constrained in their ability to modify a sentence under § 3582(c)(2) if the court has imposed a statutory mandatory minimum sentence."); *United States v. Jones*, No. 18-CR-41, 2024 WL 2305260, at *2 (S.D.N.Y. May 21, 2024) ("In the absence of substantial cooperation by the defendant, the [c]ourt may not impose a sentence below the statutorily required minimum sentence." (citing *United States v. Vargas*, 961

F.3d 566, 576 (2d Cir. 2020))).  Thus, Raja is ineligible because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also Jones*, 2024 WL 2305260, at *2 (finding that the defendant was not eligible for a sentence reduction pursuant to Amendment 821 because the defendant was sentenced to a mandatory minimum term of imprisonment). Accordingly, Raja is ineligible for a sentence reduction pursuant to section 3582(c).[4]

## II. Conclusion

For the foregoing reasons, the Court denies Raja's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Dated: July 16, 2024
     Brooklyn, New York

                              SO ORDERED:


                                   s/ MKB
                              MARGO K. BRODIE
                              United States District Judge

---

[4] Because Amendment 821 does not have the effect of lowering Raja's applicable Guidelines range due to the mandatory minimum sentence required by statute, he is ineligible for a sentence reduction.  The Court therefore does not consider whether Raja is subject to any of the nine exclusionary criteria enumerated in section 4C1.1(a).

7